**In re Betty Jean GURLEY, Debtor.**

**Cheryl Followell, as Personal Representative of the Estate of Betty Jean Gurley (Deceased), Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 97–35255.
Adversary No. 04–00179.**

United States Bankruptcy Court,
W.D. Tennessee,
Western Division.

June 8, 2006.

John R. Dunlap, Memphis, TN, for Debtor.

## ORDER DENYING MOTION
## TO ALTER JUDGMENT

JENNIE D. LATTA, Bankruptcy Judge.

The plaintiff, Cheryl Followell, as personal representative of the estate of Betty Jean Gurley, Deceased, asks the court to alter its judgment of November 7, 2005, on the basis that the court failed to consider the Plaintiff's challenge to the legality of the tax penalty assessed against the estate of Betty Jean Gurley. The Plaintiff bases her motion upon the court's statement that she did not contest the "amount or legality of the penalties assessed." It is clear from the argument asserted by the Plaintiff that she has simply misread the court's prior order.

Grammatically, the quoted language indicates that the Plaintiff failed to contest the amount or legality of the *penalty*. Plaintiff's argument is directed toward the legality of the *assessment*. The court fully considered the Plaintiff's arguments about the propriety of the assessment of the penalty. The court held that, following the passage of the "Taxpayers Bill of Rights," PL 104–168, § 302, either the decision whether to abate a tax penalty is left solely to the discretion of the Secretary or it is subject to review only by the Tax Court. The court concluded that it does not have jurisdiction to review the decision of the Secretary not to abate the tax penalty assessed as the result of the failure of the Debtor to pay her 1996 tax liability.

In her motion to alter the judgment, the Plaintiff continues to raise argu-

ments about the legality of the assessment of the late payment penalty. Nowhere in the present motion or in her prior motion for summary judgment does the Plaintiff argue that the penalty assessed was illegal. That is, the Plaintiff does not argue that Congress was without constitutional authority to impose a penalty resulting from the late payment of income taxes. This is what the court intended when it stated that the Plaintiff did not contest the legality of the penalty assessed. Similarly, in *Carlson* the debtors did not contend that the addition to tax was illegal, but only that it was unfair in their particular situation. *See Carlson v. United States (In re Carlson),* 126 F.3d 915, 920 (7th Cir.1997). The court of appeals ruled in *Carlson* that section 505(a) of the Bankruptcy Code did not apply under those facts. Similarly, this court ruled and reaffirms here that section 505(a) of the Bankruptcy Code does not apply where the Plaintiff does not contest the legality of the penalty, but only the legality of the assessment of a tax penalty.

■ Section 6651(a) of the Internal Revenue Code, relied upon by Followell, indicates that the late payment penalty shall be imposed *"unless it is shown* that the failure to pay is due to reasonable cause and not due to willful neglect." That the failure to pay resulted from reasonable cause and not from willful neglect must be shown to someone. That is, those circumstances that would result in the late payment penalty being illegally assessed are peculiar to individual taxpayers, and do not affect the legality of the penalty itself. Section 6404(a) tells who must be shown that assessment of the penalty in any particular case is illegal. That section grants to the Secretary of the Treasury the authority "to abate the unpaid portion of the assessment of any tax or any liability in respect thereof, which ... is erroneously or illegally *assessed."* 26 U.S.C. § 6404(a) (emphasis added). Determination of the

legality of the assessment is left to the Secretary, which decision may be reviewable by the Tax Court (although the court expresses no opinion about the availability of review). This conclusion does not conflict with the court's reading of Section 505(a) of the Bankruptcy Code, which grants to the bankruptcy court the authority to determine the legality of a tax, or of a fine or penalty relating to a tax. As the court stated in its previous decision, "the authority of the bankruptcy court does not extend to review of the administrative decisions of the Secretary not to abate interest or penalties."

In her prior motion, the Plaintiff clearly did contest the legality of the assessment, and the court fully responded to her arguments. The Plaintiff raises no new arguments in this regard in the motion to alter the judgment. Accordingly, the motion to alter the judgment is DENIED.